UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED
Dec 19  2 35 PM '03
U.S. DISTRICT COURT
NEW HAVEN, CONN.

---

| | | |
|---|---|---|
| JEANNE BRUNO | : | CIVIL ACTION |
| Plaintiff, | : | NO. 3:01CV1501 (MRK) |
| v. | : | |
| | : | |
| SONALYSTS, INC. | : | |
| Defendant | : | DECEMBER 19, 2003 |

---

## PLAINTIFF'S REPLY BRIEF ON RULE 408 ISSUES

**I.   INTRODUCTION/BACKGROUND**

On December 12, 2003 the parties submitted supplemental briefs addressing three about how Rule 408 of the Federal Rules of Evidence impacts the defendant's offer of statements made in settlement negotiations as evidence to support its motion for summary judgment. These briefs had been requested by the Court at oral argument on defendant's motion for summary judgment on November 21, 2003. On that date the Court had also allowed the parties ten days, or until December 22, 2003, to submit reply briefs addressing arguments raised by opposing counsel in the December 12, 2003 briefs. This is the plaintiff's reply brief.

Defendants brief was structured as follows. It first explained that Rule 408 did not mandate per se exclusion of statements made in settlement negotiations when the statements were offered for "another purpose" besides proving liability or invalidity of a claim and cited a number of cases in which evidence offered for "another purpose" was admitted into evidence. Defendant's brief next highlighted cases purporting to establish a rule by which statements made in settlement negotiations were deemed admissible if they were offered in connection with a claim that arose _after_ the settlement negotiations in question had taken place. Finally, defendant's brief asserted that if the evidence in question was admitted plaintiff should be

prohibited from offering any evidence to rebut or respond to that evidence and summary judgment should immediately enter in favor of defendant.

In this reply brief, plaintiff will respond to these three general components of defendant's brief dated December 12, 2003.

## II. RULE 408 REQUIRES THE COURT TO ENGAGE IN A BALANCING TEST RATHER THAN AUTOMATICALLY ADMITTING STATEMENTS MADE IN SETTLEMENT NEGOTIATIONS WHEN OFFERED TO PROVE DEFENDANT'S STATE OF MIND.

It is important not to read the defendant's brief or the cases cited therein as establishing a rule of automatic admission into evidence of statements made in settlement negotiations when such evidence is offered for a purpose other than proving liability or invalidity of a disputed claim. Instead, even when evidence is offered for "another purpose" the court must still balance the need for admission against the harm that could ensue, and exercise its discretion accordingly. As is set forth in plaintiff's original brief on these Rule 408 issues, submitted December 12, 2003, some courts engage in the analysis directly under Rule 408, other courts rely on the application of Rule 403. See Southwest Nurseries, LLC v. Florists Mutual Insurance, Inc., 266 F.Supp.2d 1253, 1259 (D.Co 2003) (Citing to both decisions employing Rule 403 balancing test and those relying solely on Rule 408 to exclude evidence offered for "another purpose" under Rule 408.). Rule 408:

> rests mainly upon extrinsic policy–here it is the policy of encouraging the out-of-court settlement of disputes. So important is this policy, and so highly regarded the exclusionary rule, that in practice settlement evidence is more often than not excluded altogether. There are, to be sure, purposes for which the proof is competent, but these are relatively narrow. It is well recognized, and rightly so, that the risks of prejudice and confusion entailed in receiving settlement evidence are such that often Rule 403 and the underlying policy of Rule 408 require exclusion even when a permissible purpose can be discerned.

2

Mueller and Kirkpatrick, Federal Evidence § 134 (2d Ed.).

Although defendant's brief cites a number of cases in which statements made in settlement negotiations are admitted into evidence for a permissible purpose, these cases do not establish that admission is proper without engaging in an analysis of whether the permissible reason for admission is outweighed by the potential prejudice to the opposing party. See, e.g., ESPN, Inc. v. Office of the C'mmr. or Baseball, 76 F.Supp.2d 383, 412 (SDNY 1999) ("In applying the 'another purpose' exception to Rule 408, the trial judge should weigh the need for such evidence against the potentiality of discouraging future settlement negotiations."); Evans v. Troutman, 817 F.2d 104, 1987 U.S.App. LEXIS 5581, at *7 (6th Cir. 1987)[1] (Court considered policy behind Rule 408 weighed against plaintiff making contention rebuttable only through admission of settlement offer.); Dimino v. New York City Transit Authority, 64 F.Supp.2d 136, 161 (EDNY 1999) ("Whether or not [Rule 408] bars the admission of the facts surrounding the [statement made in settlement negotiations when offered for 'another purpose'] is a close question.").[2] Regardless of the authority relied upon, it is clear that admission of evidence from

---

[1] The LEXIS cases cited herein are all attached to the defendant's brief of December 12, 2003.

[2] At least one of the cases cited by defendant that finds Rule 408 inapplicable is a case concerning the proposition that when statements in settlement negotiations have independent legal significance they are admissible for purposes of establishing such legally significant facts. See, e.g., Thomas v. Resort Health Related Facility, 539 F.Supp. 630 (EDNY 1982) (Unconditional offer of reinstatement legally significant for purposes of ending entitlement to back pay, without regard to settlement negotiations, and thus fact of such an unconditional offer of reinstatement admissible under Rule 408.). See, also, Arnold v. County of Cook, Adult Probation Department, 220 F.Supp.2d 893, 898-99 (N.D. Ill. 2002) citing Lightfoot v. Union Carbide Corp., 110 F.3d 898, 909 (2d Cir. 1997). This line of cases has no significance in the analysis of admissibility here, as there is no claim by defendant that the statements made in settlement negotiations have independent legal significance.

3

settlement negotiations is not an entitlement of the party offering it for another purpose but a considered decision that must reflect the potential for undermining the policy of open and frank settlement discussions, the risks of confusing the issues, and the risk of the jury drawing impermissible inferences. See, e.g., EEOC v. Gear Petroleum, Inc., 948 F.2d 1542, 1545-46 (10th Cir. 1991).

It must be assumed, from the undisputed facts, that <u>when and if plaintiff was returning to work</u> was a subject of the negotiations on August 31, 2000. Thus, any statements that were made by counsel about plaintiff's priorities were made for the exact purpose that Rule 408 exists. "The philosophy of the Rule is to allow the parties to drop their guard and to talk freely and loosely without fear that a concession made to advance negotiations will be used at trial." Saltzburg and Redden, Federal Rules of Evidence Manual, 286 (4th ed. 1986). Admission of the settlement evidence here, even if purported for "another purpose," directly and absolutely frustrates the most important policy of Rule 408 by allowing plaintiff and her lawyer to be twice ambushed – first by termination and then by having her settlement attempts used against her at trial – after engaging in the behavior Rule 408 is supposed to encourage.

**III.   STATEMENTS MADE IN SETTLEMENT NEGOTIATIONS ARE NOT ADMISSIBLE SOLELY UPON A CLAIM THAT THEY ARE OFFERED IN CONNECTION WITH A CLAIM ARISING SUBSEQUENT TO THE MAKING OF THE STATEMENT.**

The most interesting aspect of defendant's brief was the argument that because plaintiff was not terminated until <u>after</u> the settlement discussions in question occurred, any statements made in those settlement discussions are admissible in defending against the claim that the termination was retaliatory without regard to Rule 408. Essentially, defendant appears to suggest

that Rule 408 only applies when the settlement negotiations were being conducted on the exact claim currently in litigation.

Contrary to defendant's assertion, Court's routinely apply Rule 408 when considering admission of settlement materials from negotiations unrelated to the claim in litigation. See, e.g., Safford v. Tammany Parish Fire Protection District No. 1, 2003 U.S. Dist. LEXIS 6513, at *14-15 (E.D. La. 2003) (Application of Rule 408 when determination of admissibility of settlement agreements between defendant and other employees.); Dimino v. New York City Transit Authority, 64 F.Supp.2d 136, 161-664 (EDNY. 1999) (Applying Rule 408 to determine that evidence was admissible even when claimed to relate to discussions not directly related to settlement of claims at issue in litigation.). Thus, even if the Court gives credence to defendant's assertion that "we weren't discussing settlement of the termination because the termination had not occurred yet" this would not relieve the necessity of determining whether the policy underlying Rule 408, and the risks of prejudice, confusion and misleading of the jury did not outweigh the probative value of the statements made in settlement negotiations.

It is also important to directly address the absurdity of the claim that settlement negotiations can be said to apply only to one or two specific claims of a party and not to all claims of the party. It has been observed that:

> Once a party is represented by counsel, threatens litigation and has initiated the first administrative steps in that litigation, any offer made between attorneys will be presumed to be an offer within the scope of Rule 408. Moreover, courts in the Second Circuit have held that evidence may be considered 'settlement material' even where litigation is merely a possibility. For example, in Olin v. Insurance Co. of N. Am., 603 F.Supp. 445 (SDNY 1985), the court found that where the parties 'contemplated that litigation might be necessary' certain discussion between the parties constituted settlement negotiations for purposes of FRE 408. Id. at 449-50. Similarly, in Trebor Sportswear Co. v. The Limited Stores, Inc., [865 F.2d 506 (2d Cir. 1989)] the court considered an offer made by

5

defendant to be settlement material even though litigation had not been initiated at the time the offer was made.

ESPN, Inc. v. Office of the Commissioner of Baseball, 76 F.Supp.2d 383, 410 (SDNY 1999). Reflected in this passage is the understanding that once a party has obtained counsel, and lawyers are discussing settlement of outstanding issues, there is no clear distinction between where one specific claim ends and a separate claim begins.

The material facts not in dispute demonstrate that as of August 31, 2000 plaintiff was not at work, had asserted claims of hostile environment harassment and retaliation for having complained of harassment against the defendant employer, and that she had retained counsel who was attempting to negotiate a resolution of "claims" she had against her employer. Hypothetically, as plaintiff was not currently working, such "claims" could have included a claim of constructive discharge. On September 1, 2000, defendant terminated the plaintiff. Defendant wishes to draw a distinction between a claim on August 31, 2000 for constructive discharge and a claim on September 1, 2000 for actual discharge. Such a distinction is specious. The claim remains a retaliation claim, there is simply new evidence – actual termination as opposed to constructive termination – of such retaliation.

The defendant has cited to only two cases in which a District Court admitted statements made in settlement negotiation in connection with a claim it perceived to have arisen <u>after</u> those settlement negotiations took place. In those cases, <u>Carr v. Health Insurance Plan of Greater New York</u>, 2001 U.S. Dist. LEXIS 6766 (SDNY 2001) and <u>Dimino v. New York City Transit Authority</u>, 64 F.Supp.2d 136 (EDNY 1999)[3], the <u>plaintiffs</u> sought to introduce the settlement

---

[3] The remaining cases cited by defendant for the proposition that settlement evidence is admissible as to "claims" arising after the settlement negotiations take place contain such sparse

6

evidence to prove defendants' intent to retaliate after the settlement discussions proved unsuccessful. Given the vastly different nature of the purpose and need for the settlement evidence in those case – the party with the burden of proof sought to establish intent to retaliate, which there is seldom direct evidence of – the probative value of the evidence did, in the eyes of those courts, outweigh the policy of Rule 408, and the other risks of presenting settlement evidence at trial. The courts' reasoning in those cases could be summarized by stating that defendants are not shielded by the cloak of "settlement negotiations" when they improperly use threats of retaliation as a settlement tool and then follow through on those threats.

In contrast to the defendant's proposed rule of automatic admission of evidence if a permissible purpose, such as a claim that arose after settlement negotiations, can be established, it is instructive to consider the Second Circuit's guidance on this issue. The Second Circuit has opined that even when there is a permissible use of settlement evidence for "another purpose," if that purpose is "closely intertwined" with the impermissible use of such evidence, the evidence is properly excluded. See, Trebor Sportswear Co., Inc. v. The Limited Stores, Inc., 865 F2d 506, 510 (2d Cir. 1989). Admission of the statements made in settlement negotiations on August 31, 2000, even if purportedly to show defendant's "state of mind" in defense of a claim of further

---

factual analysis that in is impossible to determine what, if any, relevance they have to the issue before the court concerning statements made in settlement negotiations between plaintiff and defendant on August 31, 2000 which resulted in a unilateral termination by defendant on September 1, 2000. See, e.g., Torre v. Figgie International, Inc., 1988 U.S. Dist. LEXIS 18313 (E.D. Mo. 1988); Greenwell v. Raytheon Aerospace, Inc., 1996 U.S. Dist. LEXIS 12559 (E.D. La. 1996). Of note, is that fact that Greenwell also involved the plaintiff's use of the settlement evidence to prove retaliation, thus allowing it to be viewed in the same lens as Carr and Dimino and inapposite to the present case because the statements were offered to prove misconduct in or abuse of the settlement process as opposed to providing justification for such abuse, which is the case here.

7

retaliation, really serves to establish a key component of the alleged invalidity of plaintiff's claim – that she never really intended to come back to work, and thus cannot recover any damages for the termination of her employment. The permissible use cannot be neatly extricated from the impermissible use, and thus exclusion is the only proper result.

## IV. IF THE SETTLEMENT EVIDENCE IS DEEMED ADMISSIBLE, NO FURTHER PROCEEDINGS CAN TAKE PLACE UNTIL PLAINTIFF SECURES NEW COUNSEL AND NEW COUNSEL HAS THE OPPORTUNITY TO SUBMIT SUPPLEMENTAL AFFIDAVITS AND ARGUMENT IN OPPOSITION TO SUMMARY JUDGMENT.

Defendant asserts in its brief that it can offer evidence of what plaintiff's counsel said in settlement negotiations, plaintiff is not entitled to offer any documentary evidence to dispute or put the evidence into context, and that summary judgment should be granted forthwith. This amounts to a claim that when potentially impermissible evidence is offered, admission should be presumed without regard to the potential breach of attorney-client privilege or possible conflict of interest necessitated in offering countering evidence, and that there is no need to allow time for rebuttal evidence after a ruling on admissibility is made. Defendant's assertion also presumes that evidence of statements by plaintiff's counsel conclusively establishes defendant's legitimate non-discriminatory reason without need for further application of the McDonnell-Douglas burden shifting analysis.

Obviously, defendant's position is untenable. Plaintiff cannot be expected to immediately offer up an affidavit from her own lawyer, potentially waiving the attorney-client and attorney-work product privileges before knowing that such evidence is necessary to rebut or place admissible evidence in context. Further, plaintiff's counsel, who is essentially accused of having compromised her client's position during settlement negotiations, cannot be expected to defend

8

plaintiff's interest in light of such accusations when there is at least an appearance of conflict between the client's interests and lawyer's interests. Finally, even if settlement evidence is admitted, the Court must continue to employ the burden shifting analysis and ask if there are enough material facts in dispute that a jury could conclude the professed "legitimate non-discriminatory reason" for termination was a pretext and that a desire to retaliate – get rid of a trouble maker – was the real reason for termination.

As set forth in plaintiff's brief of December 12, 2003, the correct procedure if the proferred settlement evidence is deemed admissible would be to first allow plaintiff time to obtain new counsel. Then, the Court must allow plaintiff's new counsel time in which to submit documentary evidence countering the plausibility of defendant's reliance on plaintiff's counsel's settlement statements in establishing its "legitimate non-discriminatory reason for termination." If Sonalysts is allowed to offer evidence of what plaintiff's lawyer allegedly said, plaintiff must be afforded a meaningful opportunity (requiring new counsel with no appearance of personal or professional conflict) to either deny that such statements were made, or to offer evidence of how, why and for what purpose any such statements was made. Such explanatory evidence goes directly to the heart of whether defendant actually had a <u>legitimate</u> non-discriminatory reason for plaintiff's termination.

> At trial, a party's settlement offer could not be considered in a vacuum, but rather would have to be evaluated in the full context of settlement negotiations.. That would necessarily involve testimony explaining negotiation strategies and the thought processes of the settlement participants. The parties might well feel compelled to offer testimony from their respective counsel to explain their settlement strategies and the rationale for any offers or counter-offers.

Southwest Nurseries, LLC v. Florists Mutual Insurance, Inc., 266 F.Supp.2d 1253, 1259 (D. Colo. 2003).

As the Southwest Nurseries court indicates, once a statement made in settlement negotiations is admitted into evidence, the floodgates open for all sorts of explanatory evidence. Such explanatory evidence could establish the impropriety of defendant's reliance on that statement in determining that plaintiff in fact had no intention of returning to her job if put to the choice of either coming back to conditions set by the employer or quitting. If the explanatory evidence did so, summary judgment would be properly denied, and a jury could easily return a verdict in plaintiff's favor, based on a determination that the reliance on statements made in settlement to terminate plaintiff was not in good faith and therefore constituted further evidence of retaliatory intent.

## V.    CONCLUSION

In short, faced with the question of admission of settlement evidence, even though offered for "another purpose," the court must make a determination of admissibility in a manner that will carry out the purposes of Rule 408 and contribute to obtaining justice between the parties. This is most easily done by excluding the settlement evidence. The Southwest Nurseries court, after observing the likely scope of explanatory evidence regarding the settlement statement, indicated that "jury confusion seems inevitable." Such confusion of the jury, such unnecessary focus on a single statement made in settlement negotiations and the concomitant risk of suggesting that this is a highly significant part of the case, and, of course, the frustration of the intent behind Rule 408, all tip the scales in favor of exclusion from evidence of the settlement statements.

                    Respectfully Submitted,
                    The Plaintiff, Jeanne Bruno
                    By her attorney:

                    */s/ Susan M. Phillips*
                    SUSAN M. PHILLIPS
                    Federal Bar No. ct15529
                    Suisman, Shapiro, Wool, Brennan,
                      Gray & Greenberg, P.C.
                    P.O. Box 1591
                    New London, CT 06230
                    (860) 442-4416
                    (860) 442-0495 (fax)
                    sphillips@sswbgg.com

## CERTIFICATION

I hereby certify that a copy of the foregoing was served by U. S. Mail, First Class and postage prepaid, this 19th day of December, 2003 as follows:

David A. Kulle
Erin K. O'Brien
Robinson & Cole LLP
280 Trumbull Street
Hartford CT 06103-3597

_____
Susan M. Phillips