UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **JEANNE BRUNO** | : | CIVIL ACTION NO. 3:01CV1501(MRK) |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| **SONALYSTS, INC.** | : | |
| Defendant. | : | DECEMBER 22, 2003 |

**DEFENDANT'S REPLY TO PLAINTIFF'S
SUPPLEMENTAL BRIEF RE RULE 408 ISSUES**

I. **EVIDENCE REGARDING WHAT ATTORNEY PHILLIPS ACTUALLY SAID IS IRRELEVANT TO THE DISPOSITION OF THIS CASE.**

The question of whether evidence of what Attorney DeTora told Sonalysts about the plaintiff's alleged resignation should be admitted is completely separate and distinct from the question of whether Attorney Phillips should be permitted to testify. Contrary to the plaintiff's claim, the admission into evidence of Attorney DeTora's statement does not require the court to hear testimony from Attorney Phillips.

As discussed in detail in Sonalysts' brief, dated December 12, 2003, the issue before the court is whether Sonalysts' articulated business reason for terminating the plaintiff's employment – i.e., its belief that the plaintiff had resigned – is a pretext to hide a discriminatory motive. It is **not** necessary to resolve the question of what Attorney Phillips told Attorney DeTora during their conversations on August 31, 2000 in order to rule upon Sonalysts' motion for summary judgment, or to resolve this dispute at trial.

At most, Attorney Phillips' testimony might be able to cast doubt on whether the plaintiff intended to resign. Even if the court accepts for the sake of argument that Attorney Phillips' testimony will prove that the plaintiff did not intend to resign, however, such evidence is not

sufficient to establish a question of fact as to whether Sonalysts' stated belief that she resigned is a pretext. Attorney Phillips' potential testimony regarding what she said to Attorney DeTora (and what she intended to convey to Attorney DeTora) can neither prove nor disprove Sonalysts' assertion that it believed the plaintiff had resigned. Banez v. New York Foundling Hosp., 2001 U.S. Dist. LEXIS 13883, at * 25 (S.D.N.Y. 2001), *aff'd* 2002 U.S. App. LEXIS 13345 (2d Cir. 2002) (the plaintiff "creates an issue of fact about his actual job performance by denying that he did a poor job but presents no direct evidence that defendant did not believe he did a poor job, and thus very little basis for concluding that the proffered explanation was false, or for inferring a discriminatory animus.") Id., at * 26. See also Reeves v. Sanderson Plumbing Products, Inc., 530 U.S. 133, 148 (2000) (evidence that employer's explanation is false is insufficient to prove that the employer's true reason was discriminatory).

The plaintiff does not – indeed, cannot – dispute Sonalysts' assertion as to what Attorney DeTora told it about her conversation with Attorney Phillips. ( Pl. Rule 56(a)(2) statement, ¶ 30.) Given this fact, together with the other evidence supporting Sonalysts' belief that the plaintiff resigned, specifically: the plaintiff's repeated statements to Lisa Mackie, Andrew Toriello and Muriel Hinkle that she did not want to work in the Media Center; the fact that there were no open positions for which the plaintiff was qualified outside of the Media Center; and the plaintiff's refusal to respond to Sonalysts' proposal regarding the plaintiff's return to work; as well as a subsequent doctor's note stating that the plaintiff was "capable of full time employment other than at her previous employer, Sonalysts, Media Group" (attached hereto as exhibit A), nothing Attorney Phillips could testify about would create a material issue of fact as to whether Sonalysts' articulated reason for terminating the plaintiff was a pretext for retaliation. Because Attorney Phillips' potential testimony is irrelevant and immaterial to the actual issues in dispute,

her testimony is not necessary to this lawsuit.

The plaintiff's actions throughout this lawsuit support the conclusion that even the plaintiff does not believe Attorney Phillips' testimony would be necessary. The plaintiff has known since September 2000 that Sonalysts considered her to have resigned based, in part, upon what Attorney DeTora reported to Sonalysts after her conversation with Attorney Phillips. Despite this knowledge, the plaintiff chose to retain Attorney Phillips as her litigation counsel, and, chose to stay with Attorney Phillips even when Attorney Phillips moved to another firm. Since Attorney Phillips' testimony is not necessary, the plaintiff should not be permitted to offer her testimony into evidence and the court should deny the plaintiff's request for a continuance to obtain new counsel.

## II. RULE 408 DOES NOT BAR EVIDENCE REGARDING SONALYSTS' STATE OF MIND

### A. Admission of the evidence does not violate the policies underlying Rule 408.

Rule 408's general exclusion of settlement material offered to prove liability is based on two concerns: the "fear that juries will infer an admission of liability from the mere fact that a party was willing to settle its claim;" and "the public policy favoring the compromise and settlement of disputes." ESPN, Inc., v. Office of the C'mmr. of Baseball, 76 F. Supp. 2d 383, 41-12 (S.D.N.Y. 1999). Neither policy will be undermined by the admission of evidence regarding Sonalysts' belief that the plaintiff resigned.

First, in its consideration of the motion for summary judgment, the court is not likely to confuse the plaintiff's willingness to discuss the possible resolution of claims with an admission that the plaintiff's claims are invalid. To the contrary, the court is well aware of all of the considerations which could cause even the most resolute plaintiff to be willing to forego the expense and turmoil of litigation. Moreover, even if this matter proceeds to trial, no jury would

mistake the plaintiff's demands to Sonalysts as an admission of the weakness of her claims, much less Sonalysts' rejection of her demands as an admission of liability.

Under such circumstances, there is no policy justification for excluding evidence of settlement discussions. See ESPN, 76 F. Supp. 2d at 412 ("there is absolutely no danger that a jury will mistake Baseball's demands to ESPN as an admission of liability. Baseball's requests for wholesale changes to the parties' agreement on terms substantially more favorable to Baseball do not in any way imply weakness or concession on Baseball's part."); Evans v. Troutman, 817 F.2d 104, 1997 U.S. App. LEXIS 5581 at * 7 (6th Cir. 1987) ("the instant defendants surely did not present their offer of reinstatement to show that they thought they would lose the discrimination suit.")

Similarly, the rule-makers' desire to encourage settlement negotiations does not preclude Sonalysts from introducing the evidence of its conversation with Attorney DeTora. First, by explicitly stating that settlement conversations may be admissible for other purposes, the Rule acknowledges that the interest in encouraging settlement negotiations is not absolute. The Federal Rules of Evidence anticipate that settlement discussions ought to be admitted into evidence where, as here, the evidence is relevant to the claims in dispute.

"In applying the 'another purpose' exception to Rule 408, the trial judge should weigh the need for such evidence against the potentiality of discouraging future settlement negotiations." Starter Corp. v. Converse, 170 F.3d 286, 293 (2d Cir. 1999). Although a court may properly exclude evidence of settlement discussions where such evidence is immaterial, where, as here, the evidence relates to a central issue in dispute, it ought to be admitted. See ESPN, 76 F. Supp. 2d at 412 ("ESPN's need for the disputed evidence far outweighs any potential for discouraging future settlement negotiations. ESPN cannot prove that Baseball's

refusal to grant its preemption request was pretextual without offering evidence of what it alleges was Baseball's true motive.")

Moreover, in most situations the question of whether an employee resigned is not in dispute.[1] It is not likely that many litigants would have occasion to introduce evidence of what their lawyer told them regarding a conversation with another lawyer in an effort to prove that they believed the employee resigned. Given the unusual circumstances in which the evidence of Attorney DeTora's conversation with Sonalysts is submitted in this case, the potential that admitting this evidence will discourage future settlement negotiations is low.

**B.     Evidence offered to prove the defendant's state of mind is admissible under Rule 408.**

The evidence in dispute is admissible because it is not offered to prove the validity, invalidity or amount of the plaintiff's claims, but rather, to show Andrew Toriello's state of mind when he wrote to the plaintiff advising her that Sonalysts considered her to have resigned. Such "state of mind" evidence is routinely admitted into evidence. See, e.g., ESPN Inc., 76 F. Supp. 2d at 413 (statements made during settlement discussions are admissible to prove the party's motives); See Evans v. Troutman, 817 F.2d 104, 1987 U.S. App. LEXIS 5581, at * 7 (6th Cir. 1987) (defendant entitled to introduce settlement offer to rebut plaintiff's contention that it treated him differently from other employees); Thomas v. Resort Health Related Facility, 539 F. Supp. 630, 638 (E.D.N.Y. 1982) (evidence of settlement offer admissible to demonstrate that the plaintiff's loss of back pay was not attributable to defendant's discrimination).

The plaintiff's assertion that this testimony is inextricably intertwined with the validity of the plaintiff's claim demonstrates her misunderstanding of the rule and its scope. The rule does not bar evidence simply because it may be material to the ultimate resolution of the dispute. To

---

[1] Even in constructive discharge cases, the plaintiff admits that he or she resigned, but tries to establish that he or she was forced to do so.

the contrary, courts frequently admit evidence of compromise **because** it relates to a material issue in dispute. See, e.g., ESPN, 76 F. Supp. 2d at 412 (accepting evidence of settlement discussions because "such evidence is central to ESPN's case.")

Moreover, Rule 408 "excludes only evidence which is offered to prove or disprove the validity of the claim the offers were meant to settle" Trebor Sportswear Co. v. The Limited Stores, Inc., 865 F.2d 506, 510 (2d Cir. 1989). The evidence supporting Sonalysts' belief that the plaintiff resigned is admissible because the plaintiff had not yet been terminated at the time of the conversation between Attorney DeTora and Attorney Phillips. As such, the settlement discussion between Attorney DeTora and Attorney Phillips could not, under any circumstances, have addressed any claims arising out of the plaintiff's termination. Compare Trebor, 865 F.2d at 510 (excluding evidence of settlement discussions because, contrary to the defendant's claim, the settlement discussions included the plaintiff's the breach of contract claim in addition to the issue of overdue payments) with Carr v. Health Ins. Plan of Greater N.Y., Inc., 2001 U.S. Dist. LEXIS 6766, at * 13 (S.D.N.Y. 2001) ("If evidence is 'offered for another purpose' apart from liability for (or damages resulting from) the claim under settlement discussion, that evidence may be admitted."); Dimino v. New York City Transit Auth., 64 F. Supp. 2d 136, 163 (E.D.N.Y. 1999) (evidence of settlement discussion admissible for purpose of establishing that defendant's non-discriminatory justifications for its actions were pretextual); Greenwell v. Raytheon Aerospace, Inc., 1996 U.S. Dist. LEXIS 12559, at * 3, n. 1 (E.D. La. 1996) (admitting settlement discussions into evidence because the defendant's "statements are being offered to support plaintiff's retaliation claim against him which was not even in existence at the time of the instant discussion.").[2] Accordingly, Rule 408 permits Sonalysts to offer this evidence to establish its

---

[2] Similarly, Pierce v. F.R. Tripler & Co., 955 F.2d 820 (2d Cir. 1992) is distinguishable because the claim discussed during the settlement discussions was the same as the claim in litigation.

state of mind the day after the conversation between the two attorneys when it advised the plaintiff that it considered her to have resigned.

### III. CONCLUSION

For the reasons set forth herein and in Sonalysts' moving papers, summary judgment should enter in favor of Sonalysts based upon the evidentiary record currently before the court.

DEFENDANT
SONALYSTS, INC.

By: _____
David A. Kulle (ct 00333)
dkulle@rc.com
Erin O'Brien Choquette (ct 18585)
echoquette@rc.com
Robinson & Cole LLP
280 Trumbull Street
Hartford, CT  06103-3597
Tel. No.: (860) 275-8200
Fax No.: (860) 275-8299

### CERTIFICATION

This is to certify that a copy of the foregoing pleading was hand delivered to the following on the 22d day of December 2003:

Susan M. Phillips, Esq.
Suisman, Shapiro, Wool, Brennan, Gray & Greenberg, P.C.
Two Union Plaza, Suite 200
P.O. Box 1591
New London, CT 06320

_____
Erin O'Brien Choquette

# EXHIBIT A

TELEPHONE: 443-1200

**LOUIS H. REICH, M.D., P.C.**
292 MONTAUK AVENUE
NEW LONDON, CONNECTICUT 06320

9/12/00

Mrs. Jeanne Bruno is capable of full time employment other than at her previous employer, Sonalysts, Media Group.

Louis H. Reich