UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JEANNE BRUNO, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | :   Civil No. 3:01cv1501 (MRK) |
| | : |
| SONALYSTS INC., | : |
| | : |
| Defendant. | : |

## RULING AND ORDER

Plaintiff brought this action under Title VII of the Civil Rights Act of 1964, as amended by 42 U.S.C. § 2000e-3(a) and the Civil Rights Act of 1991, the Family and Medical Leave Act, and the Connecticut Fair Employment Practices Act, Conn. Gen. Stat. § 46a-60(4). Plaintiff claims that her employment with Defendant was terminated on or about September 1, 2000, in retaliation for seeking family and medical leave and/or in retaliation for having complained of sexual harassment. Presently pending before the Court is Defendant's Motion for Summary Judgment [doc. #44].

In its motion, Defendant argued that Plaintiff had not established a *prima facie* case of violation of the foregoing laws and that even if Plaintiff had done so, she had failed to prove that Defendant's articulated business reasons were pretextual and that Defendant was motivated by discriminatory intent. There are many issues raised by this case and Defendant's summary judgment motion, but no one would deny that one important issue is whether Plaintiff was terminated or voluntarily relinquished her employment with Defendant.

It is undisputed that on September 1, 2000, Andrew Toriello, Defendant's President and

Chief Operating Officer, sent Plaintiff a letter advising her that Defendant considered Plaintiff to have resigned. Defendant claims that Toriello sent this letter, in large part, because Defendant had been informed by its attorney at the time, Alice DeTora, that in several conversations on August 31, 2000, Plaintiff's then and current attorney, Susan Phillips, purportedly told Ms. DeTora that Plaintiff had no interest in returning to work for Defendant. *See* Def's Mem. of Law in Supp. of Mot. for Simm. J. [doc # 45] at 8-9. Plaintiff asserts that she never resigned and that, in fact, she was fired by Defendant. *See, e.g.,* Mem. in Opp'n to Def's Mot. for Simm. J. [doc # 51] at 1. She also argues that Defendant cannot rely on any statements made by Ms. Phillips to Ms. DeTora because any statements made by Ms. Phillips during those conversations were made in the context of settlement discussions and therefore they are inadmissible under Rule 408 of the Federal Rules of Evidence. *See* Mem. in Opp'n to Def's Mot. for Simm. J. [doc. # 51] at 22. Defendant counters that Ms. Phillips' alleged statements are admissible under Rule 408 and that, in any event, there is no dispute that Ms. DeTora informed Mr. Toreillo that Plaintiff did not intend to return to work and that is sufficient to defeat Plaintiff's claim of pretext. *See* Reply to Pl's Opp'n to Def's Mot. for Summ. J. [doc. # 57] at 9.

At oral argument on Defendant's motion, the Court questioned counsel for the parties on (among other things) the following issues: (1) whether the Court could resolve Defendant's motion for summary judgment without first resolving the Rule 408 issue; (2) whether the Court would need testimony from Ms. Phillips to resolve either the Rule 408 issue and/or Defendant's summary judgment motion; and (3) whether if such testimony were necessary, Ms. Phillips could continue to represent Plaintiff in light of Local Rule 83.13. Transcript at 45-49. Accordingly, the Court ordered the parties to submit supplemental briefs addressing these issues, and the

2

parties did so.[1]  In her supplemental briefing, Plaintiff states that if the Court decides that Ms. Phillips' alleged statements are admissible, Plaintiff should be given an opportunity to obtain new counsel and to submit an affidavit from Ms. Phillips regarding her conversations with Ms. DeTora.  *See* Supp. Brief on Rule 408 Issues [doc. # 62] at 13.

The Court very much regrets its delay in addressing the issues raised by the parties' timely supplemental briefing.  Nonetheless, the Court has concluded that in the interests of justice and fairness to all parties, it should not resolve either the Rule 408 issue or Defendant's summary judgment motion without considering the testimony of Ms. Phillips about what transpired during the pivotal conversations with Ms. DeTora on August 31, 2000.  There is no question in the Court's mind that the substance of these conversations is important to resolution of both the Rule 408 issue and (even though not necessarily determinative) to Defendant's motion for summary judgment as well.  Yet, at this point the Court is left to speculate about the context in which Ms. Phillips made her alleged statements to Ms. DeTora (and thus whether Rule 408 should bar their admission) as well as the content of those alleged statements (and thus whether, at least in part, Defendant's proffered reason for its September 1 letter was pretextual).[2]

---

[1]The supplemental briefing consists of: Plaintiff's Supplemental Brief on Rule 408 Issues [doc. #62]; Defendant's Supplemental Memorandum of Law in Support of Summary Judgment [doc. #63]; Plaintiff's Reply Brief on Rule 408 Issues [doc. #64]; and Defendant's Reply to Plaintiff's Supplemental Brief Re Rule 408 Issues [doc. #65].

[2]Defendant argues that for purposes of pretext all that is important is what Ms. DeTora told company officials and whether she was mistaken about Plaintiff's intentions is irrelevant. *See* Def's Reply to Pl's Supp. Brief Re Rule 408 Issues [doc. # 65] at 1-2.  The Court is not at all certain that it necessarily agrees with Defendant for if there is no reasonable basis for Ms. Datura (who was, after all, Defendant's agent) to have decided that Plaintiff wished to resign, that fact might well bear on the issue of pretext.  However, this Court has determined that it cannot decide that issue at this stage without the benefit of Ms. Phillips' testimony.

The Court is well aware of the consequences of its decision for both parties. For Plaintiff, the Court's decision means that she will have to retain a new lawyer because Ms. Phillips cannot (as she recognizes) be both a witness for Plaintiff and her counsel. For Defendant, the Court's decision means only further delay in a case that is already quite old and where there has already been considerable delay (through no fault of Defendant) in reaching the merits of Defendant's summary judgment motion. The Court truly regrets these consequences for each party, but concludes that they are also unavoidable. In so ruling, the Court emphasizes to the parties that it has reached no conclusions about the merits of either the Rule 408 issue or Defendant's motion for summary judgment. However, given the parties' positions on both the Rule 408 issue and the motion for summary judgment, the Court believes there is a gap in the record that should be filled before the Court can properly address the merits of those issues.

Accordingly, Plaintiff shall have 60 days, until **June 1, 2004**, to retain new counsel and to afford counsel sufficient time to become familiar with this case. Counsel are hereby cautioned that the Court is unlikely to extend that deadline. Because of this delay and the likely need to provide supplemental briefing in light of Ms. Phillips' testimony and possibly even the need for Defendant to conduct discovery regarding those matters, the Court believes that it is best as an administrative matter at this point to deny Defendant's Motion for Summary Judgment [doc. #44] without considering its merits and without prejudice to renewal any time after June 1, 2004. *See* Fed. R. Civ. P. 56(f). Defendant will be entitled to renew its motion merely by filing a one-page Renewed Motion which simply incorporates its prior briefs. There is no need for either Defendant or Plaintiff to refile any of their prior briefs or submissions; the parties can simply incorporate their prior filings by reference in a Renewed Motion and a Renewed Opposition,

though each party will also have the right to supplement their briefs and submissions with additional affidavits and argument on both the Rule 408 issue and on summary judgment. In particular, it is expected that Plaintiff will submit an affidavit or testimony from Ms. Phillips regarding the context and content of her conversations with Ms. DeTora on August 31, 2000. At this point, the Court does not anticipate the need for further oral argument.

The parties shall immediately notify the Court once Plaintiff obtains new counsel, whereupon the Court will schedule a telephonic conference to discuss scheduling for further proceedings in this matter.

IT IS SO ORDERED.

/s/      Mark R. Kravitz
United States District Judge

Dated at New Haven, Connecticut: March 31, 2004.