UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JEANNE BRUNO, | : | CIVIL ACTION NO. |
|     Plaintiff | : | 3:01 CV 1501(MRK) |
| | : | |
| v. | : | |
| | : | |
| SONALYSTS, INC. | : | |
|     Defendant | : | September 17, 2004 |

**PLAINTIFF'S SUPPLEMENTAL MEMORANDUM IN
OPPOSITION TO SUMMARY JUDGMENT**

Plaintiff hereby submits this Memorandum in Opposition to Defendant's Renewed Motion for Summary Judgment, following depositions of Susan Phillips, Esq. and Alice DeTora, Esq. on August 19, 2004. Plaintiff further relies on the attached Affidavit as well as all Memoranda previously filed in opposing defendant's original motion for summary judgment, including Memoranda filed regarding Fed. R. Evid. 408 issues.

**I. Relevant Facts**

On August 25, 2000, Sue Phillips, Esq. representing the plaintiff and Alice DeTora, Esq., representing the defendant, met to discuss "whether, when, if, how to either resolve Ms. Bruno's claims or have her return to work." (Phillips Depo., Exh. 1 at 9-11, 20-21) Whether or not Bruno would return to work was an open question and all options were "on the table" (Exh. 1 at 20) It is undisputed that such discussions were for purposes of attempting to settle plaintiff's claims without proceeding to litigation.. (Exh. 1 at 11, 36, DeTora depo., Exh. 2 at 7)

Ms. Phillips and Ms. DeTora spoke again on August 31, 2000 by phone. It is undisputed that counsel understood they were engaged in settlement negotiations from August 25, 2000 at least through counsel's discussion(s) on August 31, 2000. (Exh. 2 at 25)  Ms. Phillips does not recall a second conversation on August 31, 2000 (Exh. 1 at 25, 28) or telling Ms. DeTora that Jeanne Bruno did not want to return to work at Sonalysts. (Exh. 1 at 27, 31). It is undisputed that Ms. Phillips called Ms. DeTora on September 5, 2000 and said "where are we at" on this case. (Exh. 2 at 19, Exh. 3).

**II. Statements Made During Settlement Negotiations are Inadmissible**

Statements allegedly made during a phone conversation between Sue Phillips, Esq. and Alice DeTora, Esq. on the subject of whether or not plaintiff would return to work were made in the context of settlement negotiations. As such, they are inadmissible under Fed. R. Evid. 408, and defendant cannot rely on such statements in moving for summary judgment. Fed. R. Civ. P. 56(e).

The exception under Fed. R. Evid. 408 for statements made in settlement negotiations but offered for "another purpose" are inapplicable here. See Plaintiff's Supplemental Brief on Rule 408 Issues dated December 11, 2003 and Reply.

Therefore, the statements allegedly made by plaintiff's counsel and proffered by defendant to show Mr. Toriello's "state of mind" are inadmissible. Assuming that such statements are inadmissible, there remain genuine issues of material fact in dispute precluding

2

summary judgment. Specifically, there are facts from which a jury could infer that discrimination, in this case, retaliation, motivated the termination of plaintiff's employment in whole or in part. See <u>Desert Palace v. Costa</u>, 123 S.Ct. 2148 (2003); <u>Stern v. Trustees of Columbia University</u>, 131 F.3d 305, 312 (2d Cir. 1997) (to defeat summary judgment the plaintiff's admissible evidence must show circumstances that would be sufficient to permit a rational finder of fact to infer that the defendant's employment decision was more likely than not based in whole *or in part* on discrimination.) (emphasis added).

Although Toriello has testified that he terminated plaintiff because he thought she was not coming back to work, the jury does not have to believe him. In addition, the jury could find that although he may have been motivated by knowledge that plaintiff was not coming back to work, he may have also been motivated in part by discrimination. Finally, the jury will be permitted to view the evidence as a whole in assessing whether there was impermissible discrimination and whether the defendant's proffered explanation is a pretext for that discrimination. <u>Washington v. Davis</u>, 426 U.S. 229, 242 (1976) (an invidious discriminatory purpose may often be inferred from the totality of the relevant facts).

### III. Summary Judgment Should be Denied, Even if Statements Admissible

If the statements made in the context of settlement negotiations do come into evidence, there are disputed issues of fact as to what Sue Phillips told Alice DeTora, and what DeTora

told her client.[1]  The jury would not have to believe DeTora as to what she told her client. DeTora is an agent of defendant.  Phillips has no recollection of a second phone call on August 31, 2000 wherein DeTora alleges she rejected defendant's offer.  It is undisputed that Phillips called DeTora on September 5 and said "where are we at with this case."  This would tend to refute that the settlement negotiations were over and that Phillips had indicated that her client was not coming back to work.  Specifically, Phillips testified that all options were on the table during settlement negotiations, including plaintiff returning to work, albeit in some capacity other than the job that had been proposed to plaintiff at that point.

## Conclusion

For the foregoing reasons, plaintiff respectfully requests that Defendant's Motion for Summary Judgment be denied.

THE PLAINTIFF, JEANNE BRUNO

_____
Barbara E. Gardner
Attorney at Law
Fed Bar No. ct07623
843 Main Street, Suite 1-4
Manchester, CT 06040
(860) 643-5543
(860)645-9554(fax)
Bg@bgardnerlaw.com

---

[1] If the statements made during settlement negotiations are ruled admissible, Ms. DeTora will likewise become a witness in the case.

**CERTIFICATION**

      I hereby certify that a copy of the foregoing was mailed, first class, postage prepaid on this 17th day of September, 2004 to the following counsel of record:

David A. Kulle
Erin K. O'Brien Choquette
Robinson & Cole LLP
280 Trumbull Street
Hartford, CT 06103-3597

Susan M. Phillips
Suisman, Shapiro, Wool, Brennan,
Gray & Greenberg, P.C.
P.O. Box 1591
New London, CT 06230

                                                                         _____
                                                               Barbara E. Gardner