UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **JEANNE BRUNO** | : | **CIVIL ACTION NO. 3:01CV1501(MRK)** |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **SONALYSTS, INC.** | : | |
| **Defendant.** | : | **OCTOBER 8, 2004** |

DEFENDANT'S REPLY TO PLAINTIFF'S
SEPTEMBER 17, 2004 SUPPLEMENTAL MEMORANDUM

## I.   INTRODUCTION

The defendant in the above-captioned action, Sonalysts, Inc. ("Sonalysts") hereby

submits this reply to plaintiff's September 17, 2004 supplemental memorandum, in further

support of Sonalysts' Motion for Summary Judgment pursuant to Fed. R. Civ. P. 56 and Local

Rule 56.[1]  Sonalysts is entitled to judgment in its favor because the plaintiff, Jeanne Bruno

("Bruno" or "the plaintiff") has failed to establish *prima facie* cases for retaliation in violation of

Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C §2000e *et seq.* ("Title VII") and

the Connecticut Fair Employment Practices Act, Conn. Gen. Stat. §45a-60 *et seq.* ("CFEPA") or

for retaliation in violation of the Family and Medical Leave Act, 29 U.S. C §2601 *et seq.*

("FMLA").  Further, even assuming *arguendo* that the plaintiff could establish a *prima facie* case

for her retaliation claims, she cannot prove that Sonalysts' articulated business reasons for its

actions are pretextual and that Sonalysts was, in fact, motivated by discriminatory intent.  Palma

---

[1] In support of its motion for summary judgment, Sonalysts also relies on the memorandum of law in support of its motion for summary judgment, the Local Rule 56(a)(1) statement of undisputed facts, and appendix of exhibits, each filed on July 11, 2003; the defendant's reply to plaintiff's opposition to defendant's motion for summary judgment, filed on October 1, 2003; defendant's supplemental memorandum of law in support of summary judgment, filed on December 12, 2003; and defendant's reply to plaintiff's supplemental brief re Rule 408 issues, filed on December 22, 2003.

v. Pharmedica Communs., Inc., 2002 U.S. Dist. LEXIS 26159 at * 11-12 (D. Conn. Mar. 27, 2002) (the plaintiff must prove that "the defendant's explanation was not the true reason for the employment action and that the exercise of [protected] rights was a motivating factor.").[2]

In connection with both of the plaintiff's retaliation claims, the plaintiff asserted that the termination of her employment with Sonalysts constituted an adverse employment action. Sonalysts, however, satisfied its burden by articulating a legitimate, non-discriminatory business reason for this action. Bickerstaff v. Vassar College, 196 F.3d 435, 446 (2d Cir. 1999), cert. denied, 530 U.S. 1242 (2000) ("The defendant's burden is not a demanding one; [it] need only offer such an explanation for the employment decision.") Specifically, Sonalysts offered evidence that it believed that the plaintiff had resigned, and sent the plaintiff the September 1, 2000 letter reflecting that belief simply to formalize her last day of employment. (Toriello Dep., Ex. 5, at 73-74; 9/1/00 letter, Ex. 14.)[3]

As Andrew Toriello (Sonalysts' President and Chief Operating Officer) and Lisa Mackie (Sonalysts' General Counsel) testified, this belief was based on the report from Alice DeToia, Sonalysts' attorney, that the plaintiff's attorney, Susan Phillips, told her "Jeanne Bruno had no intention of returning to Sonalysts." (Toriello Dep., Ex. 5 at 73-74; Mackie Dep., Ex. 11 at 43-44.)  The belief that the plaintiff resigned was bolstered by other facts as well:  the plaintiff's month-long refusal to respond to Sonalysts' proposal about when and under what condition she would return to work, (Pl. Dep., Ex. 1 at 214-25; Toriello Dep., Ex. 5 at 73-74; Mackie Dep., Ex. 11 at 43); the note from plaintiff's doctor stating that she was "capable of full time employment other than at her previous employer, Sonalysts, Media Group," (Doctor's note, Ex. B.); the plaintiff's statements in July to the effect that she did not want to work at Sonalysts' Media

---

[2] Copies of cases reported only in LEXIS are attached hereto at Exhibit A.
[3] Exhibits attached to this reply brief are designated alphabetically.  All other citations to exhibits refer to the exhibits submitted by Sonalysts in support of its motion for summary judgment, dated July 11, 2003.

Center, (Unemployment Compensation Fact Finding Report, Ex. 9); and Attorney Phillips' statement to Attorney DeTora that the plaintiff wanted Sonalysts to give her a good job reference. (Deposition of Alice DeTora ("DeTora Dep."), Ex. C at 9; Deposition of Susan Phillips ("Phillips Dep."), Ex. D at 14-15.)

## II.    Depositions of Alice DeTora and Susan Phillips

Per the court's order, Attorney DeTora and Attorney Phillips were deposed in August 2004.  During her deposition, Alice DeTora corroborated Andrew Toriello's testimony, asserting that she vividly remembered Susan Phillips' telling her that Jeanne Bruno had no intention of returning to Sonalysts. (DeTora Dep., Ex. C at 12, 21.)  Indeed, Attorney DeTora was so struck by Susan Phillips' statement that she wrote it verbatim in her notes about the telephone conversation.  (DeTora Dep., Ex. C at 26-27; 8/31/00 DeTora notes, Ex. E.)  Attorney DeTora immediately called Sonalysts and reported Susan Phillips' statement to Andy Toriello. (DeTora Dep., Ex. C at 13-14, 23.)

During the deposition of Susan Phillips, she did not and could not deny that she told Attorney DeTora that the plaintiff had no intention of returning to Sonalysts.  Instead, Attorney Phillips testified repeatedly that she could not recall whether she made such a statement to Attorney DeTora. (Phillips Dep., Ex. D at 22, 27, 29, 33.)  Notably, Attorney Phillips admitted that, at some point during her discussions with Attorney DeTora, she told Attorney DeTora that the plaintiff "would prefer not to" return to Sonalysts and also admitted that she told Attorney DeTora that the plaintiff would want a good reference from Sonalysts. (Phillips Dep., Ex. D at 15, 29-30.)

Attorney Phillips also admitted that she has no direct knowledge regarding what Attorney DeTora told Andrew Toriello.  She cannot refute their sworn testimony that Attorney DeTora

3

told Mr. Toriello that she was told by Attorney Phillips that the plaintiff had no intention of returning to work at Sonalysts. (Phillips Dep., Ex. D at 33.)  Attorney Phillips' testimony demonstrates that neither she nor the plaintiff has any basis to deny that Mr. Toriello believed the plaintiff had resigned. According to Attorney Phillips, she thought that Sonalysts' belief that the plaintiff had resigned was based upon a misunderstanding (Phillips Dep., Ex. D at 34, 37), but she could not refute that it was sincerely held.

## III.  **LEGAL ARGUMENT**

### A.    **Attorney Phillips' Deposition Testimony Does Not Create An Issue of Fact Regarding Whether Sonalysts' Legitimate Business Reason Was a Pretext for Discrimination.**

The plaintiff cannot oppose summary judgment simply by arguing that Mr. Toriello's testimony is false or that a jury may choose not to believe the testimony of Mr. Toriello. <u>Zibbro v. Connecticut Inst. for the Blind</u>, 818 F. Supp. 497, 500 (D. Conn. 1993). To oppose a motion for summary judgment successfully, the plaintiff must designate *specific* facts showing that there is a genuine issue for trial. <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 324 (1986); <u>Weinstock v. Columbia Univ.</u>, 224 F.3d 33, 41 (2d Cir. 2000), <u>cert.</u> <u>denied</u>, 157 L.Ed.2d 24 (2003).  The plaintiff has failed to meet this burden.

In particular, the deposition testimony of Attorney Phillips does not satisfy the plaintiff's obligation to offer the court "some affirmative indication that his version of the events is not fanciful." <u>Manning v. Cigna Corp.</u>, 807 F. Supp. 889, 893 (D. Conn. 1991).  A witness does not create a genuine issue of material fact where, as here, she testifies to a lack of memory about an incident allegedly in dispute. <u>See</u> <u>Gore v. Colonial Penn Ins. Co.</u>, 2004 U.S. Dist. LEXIS 18691 at *22 (D. Conn. Sept. 15, 2004) (citing <u>Celotex Corp.</u>, 477 U.S. at 322-23 (1986)).

4

Attorney Phillips could not produce any evidence establishing that she did **not** tell Attorney DeTora that the plaintiff did not intend to return to Sonalysts. Instead, she repeatedly stated that she could not recall such a conversation. A witness' inability to remember a conversation does not create a genuine issue of material fact about the substance of that conversation. <u>Gore</u>, 2004 U.S. Dist. LEXIS 18691 at * 21-22.

In <u>Gore</u>, the plaintiffs attempted to oppose summary judgment by offering the deposition testimony of an individual who, they claimed, witnessed the defendant insurer's employee make racist comments. The witness, however, testified that although it was possible that the employee used racial slurs, he did not remember the comments. The court granted summary judgment on behalf of the defendant, holding that no genuine issue of material fact is created when a witness testifies to a lack of memory about the incident in question. <u>Gore</u>, 2004 U.S. Dist. LEXIS 18691 at * 21-22. <u>See also</u> <u>FDIC v. Nat'l Union Fire Ins. Co.</u>, 205 F.3d 66, 75 (2d Cir. 2000) ("vague denials and memory lapses…do not create genuine issues of material fact.").

Similarly, this court granted summary judgment to the defendant in <u>Perrelli v. City of E. Haven</u> on the basis that the plaintiff's testimony that he could not remember what had transpired during his arrest was insufficient to create any material issues of fact in dispute. <u>Perrelli v. City of E. Haven</u>, 2004 U.S. Dist. LEXIS 9682 at *7 (D. Conn. May 28, 2004). The plaintiff testified that he was stopped on three occasions by the police without probable cause, but could not remember why he was pulled over or the sequence of events that took place during his stops. <u>Perrelli</u>, 2004 U.S. Dist. LEXIS 9682 at *11-12. The court held as a matter of law that such vague testimony was insufficient to raise even a question of fact regarding the existence of a municipal policy or practice furthering police misconduct. <u>Id.</u> at *14-15. <u>See also</u> <u>Acampora v. Asselin</u>, 179 Conn. 425, 427-28 (1980) (granting summary judgment to the defendant on the

5

grounds that deposition testimony offered by the plaintiff which revealed only that a witness could not recall the exact speed of a car failed to show the existence of any issue of material fact which would warrant a full trial on the issue of negligence).

Moreover, even if the court assumes that Sonalysts was mistaken in believing that the plaintiff had resigned, such testimony does not constitute proof that Sonalysts' actions were motivated by discriminatory intent. A mistaken belief that the plaintiff resigned constitutes a legitimate, non-discriminatory reason for its actions, and does not violate Title VII or the FMLA. Medley v. Polk Co., 260 F.3d 1202, 1206 (10th Cir. 2001). See also LeBoeuf v. New York Univ. Med. Ctr., 2000 U.S. Dist. LEXIS 18263 at * 8 (S.D.N.Y. Dec. 20, 2000) ("when an employee is discharged because of an employer's honest mistake, federal anti-discrimination laws offer no protection.").

Because there is no evidence to support even an inference that Sonalysts was motivated by an intent to retaliate against the plaintiff, Sonalysts is entitled to summary judgment. See Weinstock, 224 F.3d at 42 ("To get to a jury, 'it is not enough . . . to disbelieve the employer, the factfinder must [also] believe the plaintiff's explanation of intentional discrimination.'") (quoting St. Mary's Honor Ctr. v. Hicks, 509 U.S. 502, 519 (1993) (ellipsis in original).

**B.    Rule 408 Does Not Bar the Court from Considering the Testimony Regarding the Conversations Between Attorneys Phillips and DeTora.**

As set forth in more detail in Sonalysts' December 12, 2003 and December 22, 2003 memoranda of law, Rule 408 does not preclude the admission of evidence regarding the basis for Sonalysts' belief that the plaintiff resigned.

As a threshold matter, Rule 408 does not apply to Mr. Toriello and Ms. Mackie's testimony that Attorney DeTora told them about her conversation with Attorney Phillips because the conversation between Attorney DeTora and Sonalysts was not "a statement made during a

6

settlement discussion." Moreover, Rule 408 provides that statements made in compromise negotiations are to be excluded **only** when such evidence is offered for the purpose of proving liability or the invalidity of a claim. Such evidence is admissible when, as here, it is offered for another purpose. See 12 Fed Proc, L Ed § 33:264; J. McLaughlin, J. Weinstein & M. Berger, Weinstein's Federal Evidence, (2d Ed.) § 408.08; Wright & Graham, Federal Prac. & Proc. Evidence: § 5308;  Sonja A. Soehnel, *Evidence Involving Compromise of Offer of Compromise As Inadmissible Under Rule 408 of Federal Rules of Evidence*, 72 A.L.R. Fed. 409 (1993). See also Tribune Co. v. Purcigiotti, 1996 U.S. Dist. LEXIS 8433 at * 3 (S.D.N.Y. June 19, 1996); Lehman Bros. Commercial Corp. v. China Int'l United Petroleum & Chems., Co., 1995 U.S. Dist. LEXIS 8858 at * 6 (S.D.N.Y. June 26, 1995).

Specifically, evidence is admissible when it is offered to show Andrew Toriello's state of mind when he wrote to the plaintiff advising her that Sonalysts considered her to have resigned. See, e.g., ESPN, Inc., v. Office of the C'mmr. of Baseball, 76 F. Supp. 2d 383, 413 (S.D.N.Y. 1999) (statements made during settlement discussions are admissible to prove the party's motives); Baker v. Dorfman, 1999 U.S. Dist. LEXIS 4451 at * 6 (S.D.N.Y. Apr. 5, 1999) (in a malpractice case, a letter containing a settlement offer was properly admitted into evidence to show the defendant attorney's state of mind at the time of his representation of the plaintiff); Evans v. Troutman, 817 F.2d 104, 1987 U.S. App. LEXIS 5581 at * 7 (6th Cir. Apr. 29, 1987) (defendant entitled to introduce settlement offer to rebut plaintiff's contention that it treated him differently from other employees); Thomas v. Resort Health Related Facility, 539 F. Supp. 630, 638 (E.D.N.Y. 1982) (evidence of settlement offer admissible to demonstrate that the plaintiff's loss of back pay was not attributable to defendant's discrimination).

7

Finally, "Rule 408 prohibits the use of evidence relating to settlement negotiations 'to prove liability' of the claim which was attempting to be settled." <u>Dimino v. New York City Transit Auth.</u>, 64 F. Supp. 2d 136, 163 (E.D.N.Y. 1999). On the other hand, "[i]f evidence is 'offered for another purpose' apart from liability for (or damages resulting from) the claim under settlement discussion, that evidence may be admitted." <u>Carr v. Health Ins. Plan of Greater N.Y., Inc.</u>, 2001 U.S. Dist. LEXIS 6766 at * 13 (S.D.N.Y. May 23, 2001).

The conversations between Attorney DeTora and Attorney Phillips at issue occurred in August 2000, predating the September 1, 2000 letter to the plaintiff advising her that Sonalysts considered her to have resigned. Because the plaintiff was still employed by Sonalysts at the time of the conversations, there is no possible way that the plaintiff's claim that the termination of her employment was retaliatory could have been addressed during those conversations. Accordingly, Rule 408 does not prohibit Sonalysts from offering evidence about those conversations to rebut the plaintiff's claim that her termination was discriminatory. <u>Dimino</u>, 64 F. Supp. 2d at 163 (evidence regarding the settlement negotiations between the plaintiff and the defendant were admissible to support the plaintiff's retaliation claims because the negotiations addressed only the plaintiff's discrimination claims and were not intended to settle the retaliation claims). <u>See</u> <u>also</u> <u>Greenwell v. Raytheon Aerospace, Inc.</u>, 1996 U.S. Dist. LEXIS 12559 at * 3, n. 1 (E.D. La. Aug. 25, 1996) (statements made by the defendant during a conversation regarding the possible settlement of the plaintiff's hostile work environment claim were admissible to support plaintiff's retaliation claim); <u>Torre v. Figgie Int'l</u>, 1988 U.S. Dist. LEXIS 18313 at * 2 (E.D.Mo. May 23, 1988) (evidence regarding offers to compromise a dispute over severance pay was admissible with regard to plaintiff's claim of age discrimination).

8

## IV.    CONCLUSION

For the reasons set forth herein and in Sonalysts' moving papers, summary judgment

should enter in favor of Sonalysts based upon the evidentiary record currently before the court.

DEFENDANT
SONALYSTS, INC.

By: _Er OB Choquette_
David A. Kulle (ct 00333)
dkulle@rc.com
Erin O'Brien Choquette (ct 18585)
echoquette@rc.com
Robinson & Cole LLP
280 Trumbull Street
Hartford, CT  06103-3597
Tel. No.: (860) 275-8200
Fax No.: (860) 275-8299

## CERTIFICATION

This is to certify that a copy of the foregoing pleading was mailed, postage prepaid, to the

following on the 8th day of October 2004:

Barbara Gardner, Esq.
843 Main St., Suite 1-4
Manchester, CT 06040

_Er OB Choquette_
Erin O'Brien Choquette

9