UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **JEANNE BRUNO** | : | CIVIL ACTION NO. 3:01CV1501(MRK) |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| **SONALYSTS, INC.** | : | |
| Defendant. | : | FEBRUARY 11, 2005 |

**DEFENDANT'S OBJECTION TO PLAINTIFF'S
MOTION IN LIMINE TO PRECLUDE
TESTIMONY OF ALICE DETORA**

I.  **INTRODUCTION**

The plaintiff's motion *in limine* is simply the latest in a series of attempts to distract that Court from the only issue in dispute in this case by focusing on irrelevant concerns and making hollow arguments. The plaintiff's motion should be denied in its entirety on the grounds that it is based on two erroneous premises: (1) that the testimony of Susan Phillips has any probative value in this case and (2) that the testimony of Alice DeTora is or would be in conflict with the interests of the defendant.

II. **FACTUAL BACKGROUND**

The only remaining issue in dispute in this case is whether the plaintiff's separation from employment was motivated by a desire on the part of the defendant, Sonalysts Inc. ("Sonalysts"), to retaliate against the plaintiff for requesting medical leave pursuant to the Family and Medical Leave Act. (*Memorandum of Decision on Motion for Summary Judgment, November 23, 2004.*) At trial, Sonalysts employees Andrew Toriello, Lisa Mackie and Lawrence Clark will testify that Sonalysts believed the plaintiff had resigned based on the following facts: (1) the report from Alice DeTora, Sonalysts' attorney, that the plaintiff's attorney, Susan Phillips, told her 'Jeanne

Bruno had no intention of returning to Sonalysts;' and instead wanted Sonalysts to give her a severance in exchange for a release of claims and a good job reference; (2) the plaintiff's repeated statements in July to the effect that she did not want to work at Sonalysts' Media Center; and (3) the plaintiff's refusal over the course of several weeks to respond to Sonalysts' proposal about when and under what conditions she would return to work. They will also testify that the note from plaintiff's doctor stating that she was "capable of full time employment other than at her previous employer, Sonalysts, Media Group" bolstered their belief that the plaintiff resigned.

Notably, the plaintiff has never denied the fact that Ms. DeTora reported to Sonalysts that the plaintiff did not intend to return to work. Indeed, the plaintiff specifically stated in the Local Rule 56(a)(2) Statement she submitted in opposition to defendant's motion for summary judgment that "it is admitted that these facts, concerning what Sonalysts' lawyer told Sonalysts, rather than the truth of what Bruno's lawyer told Sonalysts' lawyer, are not in dispute." (*Pl. Rule 56(a)(2) Statement, ¶ 30, August 29, 2003.*)

Notwithstanding this admission of undisputed fact by the plaintiff, and in order to give the plaintiff every opportunity to develop her claims, the Court ordered the parties to depose Ms. Phillips and Ms. DeTora regarding their conversation about the plaintiff's potential return to work. At her deposition, Ms. Phillips repeatedly testified under oath that she had no recollection of whether or not she told Ms. DeTora that the plaintiff did not intend to return to Sonalysts, and further admitted that she could not deny having done so. (Phillips Dep., Ex. 1, at 22, 27, 29, 33.)

Moreover, Ms. Phillips admitted that she had no knowledge regarding what Ms. DeTora told Andrew Toriello about the plaintiff's intentions and that she had no basis upon which to refute the sworn testimony of Sonalysts' employees that Ms. DeTora told them that, according to

2

Ms. Phillips, the plaintiff had no intention of returning to work at Sonalysts. (Phillips Dep., Ex. 1, at 33.) Ms. Phillips testified that she thought that Sonalysts' belief that the plaintiff had resigned was based upon a misunderstanding but she could not and did not refute that Sonalysts' belief was sincerely held. (Phillips Dep., Ex. 1 at 34, 37)

### III.  LEGAL ARGUMENT

#### A.  The Testimony of Ms. Phillips and Ms. DeTora Is Irrelevant; If Ms. Phillips Does Not Testify, Then Ms. DeTora Will Not Testify.

The testimony of Ms. Phillips and Ms. DeTora regarding their conversations with each other is neither necessary nor relevant to the issue in dispute in this case, namely whether Sonalysts' articulated reason for its actions was a pretext for retaliation. In accordance with its frequently asserted position that the conversation between Ms. Phillips and Ms. DeTora is irrelevant to the issue in dispute in this case, Sonalysts stipulates that it will not call upon Ms. DeTora to testify if Ms. Phillips does not testify.[1]

To resolve this dispute, the jury must decide only whether Sonalysts truly believed that the plaintiff had resigned and whether that belief motivated its actions – not whether the plaintiff had, in fact, resigned. As such, the question of what Ms. Phillips may or may not have told Ms. DeTora is irrelevant. Since Ms. Phillips has admitted that she has no knowledge regarding Sonalysts' belief, her testimony is not probative of the issue in dispute and should be excluded. See Fed. R. Evid. 402 ("Evidence which is not relevant is not admissible."); United States v. Lumpkin, 192 F.3d 280, 290 (2d Cir. 1999) (no abuse of discretion where court excluded irrelevant evidence).

Even if evidence regarding what Ms. Phillips told Ms. DeTora about the plaintiff's potential return to work might arguably have some marginal value, the fact remains that Ms.

---

[1] In accordance with the Court's order regarding the joint trial memorandum, defendant Sonalysts will file a motion *in limine* on March 14, 2005 to preclude the testimony of Susan Phillips.

3

Phillips has no recollection of whether or not she told Ms. DeTora that the plaintiff did not intend to return to work at Sonalysts. (Phillips Dep., Ex. 1, at 22, 27, 29, 33.) Pursuant to Federal Rule of Evidence 401, in order to be relevant, the proffered evidence must have a "tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. Testimony to the effect that a witness cannot remember what she said is probative of nothing. Gore v. Colonial Penn Ins. Co., 2004 U.S. Dist. LEXIS 18691 at *21- 22 (D. Conn. Sept. 15, 2004) (a witness' inability to remember a conversation does not create a genuine issue of material fact about the substance of that conversation) (citing Celotex Corp., 477 U.S. at 322-23 (1986)). See also FDIC v. Nat'l Union Fire Ins. Co., 205 F.3d 66, 75 (2d Cir. 2000) ("vague denials and memory lapses…do not create genuine issues of material fact."); Perrelli v. City of E. Haven, 2004 U.S. Dist. LEXIS 9682 at *14-15 (D. Conn. May 28, 2004) (witness's testimony that he was stopped on three occasions by the police without probable cause, but could not remember why he was pulled over or the sequence of events that took place during his stops was insufficient to raise even a question of fact regarding the existence of a municipal policy or practice furthering police misconduct.)

Because Ms. Phillips possesses no information relevant to the question of whether Sonalysts was motivated by an intent to retaliate against the plaintiff, her testimony should be excluded. See Jones v. Spentonbush-Red Star Co., 155 F.3d 587, 593 (2d Cir. 1998) (holding that the court properly excluded evidence offered to prove matters that were not at issue in the trial). If Ms. Phillips does not testify, there will be no need to call Ms. DeTora as a rebuttal witness. Accordingly, the plaintiff's motion should be denied as moot.

**B.     If Ms. Phillips Is Permitted To Testify, Fairness Dictates that Sonalysts Be Allowed to Call Ms. DeTora as a Rebuttal Witness.**

If, notwithstanding her lack of knowledge about Sonalysts' belief and her lack of memory regarding her conversation with Ms. DeTora, Ms. Phillips is permitted to testify at trial, fairness dictates that Sonalysts be permitted to call Ms. DeTora as a rebuttal witness. The plaintiff has indicated that she intends to call Ms. Phillips to testify "regarding the issue of whether or not she gave counsel for defendant reason to believe that plaintiff was not coming back to work." The plaintiff cannot be permitted to call Ms. Phillips to testify about her conversations with Ms. DeTora, and, particularly, Ms. DeTora's understanding of those conversations, while simultaneously barring the defendant's ability to rebut and, if necessary, impeach Ms. Phillips' testimony by calling Ms. DeTora as a witness.

If the Court determines that evidence regarding the conversation between Ms. Phillips and Ms. DeTora is necessary for the jury to understand the issue in the case, then the jury must be permitted to hear from both participants in the conversation. If the plaintiff's motion is granted, Ms. Phillips would be able to testify about her conversation with Ms. DeTora without fear of contradiction from Ms. DeTora. Such a one-sided presentation would give an inaccurate view of Ms. DeTora's understanding of the conversation to the jury, thereby creating an unacceptable risk of prejudice and confusion. Cf. Fed. R. Evid. 403 (court must determine whether the probative value of evidence is outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury.)

Moreover, allowing Ms. Phillips to testify while excluding Ms. DeTora would materially prejudice Sonalysts' ability to refute and/or defend itself against Ms. Phillips' claims. The risk of prejudice to Sonalysts is exacerbated by the fact that during Ms. Phillips' deposition, she repeatedly testified that she had no memory of whether or not she told Ms. DeTora that the

5

plaintiff would not return to Sonalysts. Sonalysts has prepared its defense on the basis of that record. Should Ms. Phillips' memory recover sufficiently such that she becomes able to recall the details of her conversation with Ms. DeTora, Sonalysts must be allowed the opportunity to call Ms. DeTora to rebut Ms. Phillips' improved memory.

Just as a litigant is barred from asserting a testimonial privilege as a shield against inquiry while at the same time using the privileged information as a sword against the opposing party, so too should the plaintiff's motion for permission to call Ms. Phillips while at the same time precluding the testimony of Ms. DeTora be denied.

### C.   No Basis Exists to Disqualify Robinson & Cole as Trial Counsel.

Even if the Court permits Ms. Phillips and Ms. DeTora to testify, plaintiff's motion to disqualify other members of Robinson & Cole from serving as Sonalysts' trial advocates must be denied. "Where the proposed sanction is the disqualification of counsel, the court must be especially cautious, notwithstanding any misgivings it may have regarding an attorney's ethical conduct, both because of the immediate effect disqualification has on a client by separating him from his counsel of choice, and because such motions are often interposed for tactical reasons." MMR/Wallace Power & Indus., Inc. v. Thames Assoc., 764 F. Supp. 712, 718 (D. Conn. 1991). See also NL Indus., Inc. v. Paine Webber, Inc., 1990 U.S. Dist. LEXIS 3821 at * 3 (S.D.N.Y. April 9, 1990) ("Disqualification of a party's attorney not only denies a party of its right to representation by the attorney of its choice, but also provides the opportunity to stall and derail the proceedings redounding to the strategic advantage of one party over another.")

Accordingly, the party seeking disqualification bears a heavy burden of proof in order to prevail. Evans v. Artak Sys. Corp., 715 F.2d 788, 791 (2d Cir. 1983). "Mere speculation will not suffice." NL Indus., Inc., 1990 U.S. Dist. LEXIS 3821 at * 3. The plaintiff has failed to meet

this burden. The plaintiff has made no attempt to establish that she would be prejudiced if Robinson & Cole remained as counsel, apparently recognizing that no such prejudice exists. As the Court has already ruled, evidence regarding the conversations between Ms. Phillips and Ms. DeTora is not barred by Rule 408. Moreover, unlike most disqualification scenarios, this is not a situation in which the law firm has put itself in the position of using plaintiff's privileged information. Cf. Best Western Internat'l v. CSI Internat'l Corp., 1995 U.S. Dist. LEXIS 12314 at * 3 (S.D.N.Y. Aug. 25, 1995) (disqualification appropriate when an attorney has put himself in a position to use the other side's privileged information).

Because Robinson & Cole's continued representation of Sonalysts does not prejudice the plaintiff, she instead argues that Robinson & Cole should be disqualified if Ms. DeTora is permitted to testify because, in her view, Ms. DeTora's testimony will be damaging either to Sonalysts or to herself. This self-serving assertion is completely unfounded. If Ms. DeTora is required to testify at trial in order to rebut the testimony of Ms. Phillips, her trial testimony will be consistent with her deposition testimony, namely, that she vividly remembered Susan Phillips' telling her that Jeanne Bruno had no intention of returning to Sonalysts, wrote Ms. Phillips' statement verbatim in her contemporaneous notes regarding the telephone conversation and immediately called Sonalysts to report Ms. Phillips' statement. (DeTora Dep., Ex. 2 at 12-14, 21-23, 26-27.) Far from damaging the interests of Sonalysts, this testimony will substantiate the testimony of the Sonalysts witnesses regarding their belief that the plaintiff resigned.

Likewise, the plaintiff's conclusory assertion that Ms. DeTora's testimony might cast herself or the firm in a poor light (a characterization that is unsupported by any case law) is not grounds for disqualification of the firm, as the court in Talcott Mountain Science Center for Student Involvement v. Abington Limited Partnership, 2002 Conn. Super. LEXIS 2210 (Conn.

7

Super. Ct. June 28, 2002) explained. In Talcott Mountain Science Center, the plaintiff moved to disqualify counsel for the defendants on the grounds that certain attorneys at the firm would have to testify about the advice given to the defendants relating to issues in dispute in the litigation. Like the plaintiff here, Talcott Mountain Science Center argued that because defense counsel had an interest in avoiding a finding that it had provided improper legal advice to the defendants, there was a material conflict of interest between the attorneys and the defendants that required the disqualification of the firm. The court denied the motion to disqualify, holding that although "the law firm clearly has an interest of its own in avoiding [a potential legal malpractice] claim, it is not an interest that is adverse to [defendant's] own interest. Both the client and the law firm share an interest in establishing that the suit was brought upon probable cause." Talcott Mountain Science Center for Student Involvement, 2002 Conn. Super. LEXIS 2210 at * 13. "[S]ince prevailing on [the defendant's] behalf is the surest way for the [law firm] to avoid claims against it by [the defendant] concerning the quality of its legal services," Id., at * 14, there was no conflict and no grounds for disqualification.

Similarly, there is no conflict between Sonalysts and the interests of Robinson & Cole. Both entities share an interest in establishing that Sonalysts believed the plaintiff resigned and was not motivated by an intent to retaliate against the plaintiff. Since there is no conflict of interest, there is no basis upon which to disqualify the firm. See also Conigliaro v. Horace Mann School, 1997 U.S. Dist. LEXIS 5169 at * 13-14 (S.D.N.Y. 1997) (denying motion to disqualify where testimony of attorney would not contradict testimony of the client).

Moreover, the disqualification of Robinson & Cole would impose a substantial hardship on Sonalysts. See L. Civ. R. 83.13(c) ("The court may in the exercise of its sound discretion permit a lawyer to act as an advocate in a trial in which another lawyer in the lawyer's firm is

likely to be called as a witness if disqualification of the lawyer would work substantial hardship on the client and permitting the lawyer to act as an advocate would not cause prejudice to opposing parties.") Trial in this matter is scheduled to begin on April 11, 2005.[2] The disqualification of Robinson & Cole at this late date would require Sonalysts to find new counsel, and to expend significant amounts in legal fees to enable such new counsel to familiarize himself and prepare for trial.

Moreover, it is likely that the disqualification of Robinson & Cole would require a postponement of the trial, a further hardship to Sonalysts, which has already waited several years for vindication of its position. Indeed, the fact that the plaintiff chose to wait until just before trial to raise the issue of disqualification – months after discovery, briefing and argument on related issues – increases the likelihood that this motion is simply a tactic designed to prejudice the interests of Sonalysts rather than protect any interests of the plaintiff or the judicial system.

## IV. CONCLUSION

For all the reasons set forth above, Sonalysts respectfully moves the Court to deny the plaintiff's motion to preclude the testimony of Alice DeTora and to deny her motion to disqualify Robinson & Cole as trial counsel.

DEFENDANT
SONALYSTS, INC.

By: /s/ E. O'Brien Choquette
David A. Kulle (ct 00353)
dkulle@rc.com
Erin O'Brien Choquette (ct 18585)
echoquette@rc.com
Robinson & Cole LLP
280 Trumbull Street
Hartford, CT 06103-3597
Tel. No.: (860) 275-8200
Fax No.: (860) 275-8299

---

[2] At the time the plaintiff filed her motion, on January 3, 2005, trial was scheduled to commence on March 7, 2005.

## **CERTIFICATION**

This is to certify that a copy of the foregoing pleading was mailed, postage prepaid, to the following on the 11th day of February 2005:

Barbara Gardner, Esq.
843 Main St., Suite 1-4
Manchester, CT 06040

_____
Erin O'Brien Choquette