## UNITED STATES DISTRICT COURT
### DISTRICT OF CONNECTICUT

JEANNE M. BRUNO,                          :
                                          :
              Plaintiff,                  :
                                          :
v.                                        :          CIVIL NO. 3:01CV1501 (MRK)
                                          :
SONALYSTS, INC.,                          :
                                          :
              Defendant.                  :

### RULING AND ORDER

The only remaining claim in this lawsuit is Ms. Bruno's claim that her former employer Sonalysts retaliated against her in violation of the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 *et seq*. *See* Mem. Of Decision [doc. # 77], at 20. Pending before the Court is Plaintiff's Motion in Limine to Preclude the Testimony of Alice DeTora [**doc. #79**].

As explained in the Court's previous rulings, Sonalysts' position throughout this lawsuit has been that it had a legitimate business reason for terminating Ms. Bruno because Sonalysts' President, Andrew Toriello believed that she had no intention of returning to work at Sonalysts. *See* Mem. Of Decision [doc. # 77] at 13-15. Mr. Toriello allegedly reached that conclusion after speaking with the company's attorney, Alice DeTora, who told him that Ms. Bruno's attorney, Susan Phillips, had expressed her client's desire never to return to work at Sonalysts. *See* Def.'s Reply to Pl.'s Sept. 17, 2004 Supp. Mem. [doc. #75], at 2. Ms. Bruno has denied Sonalysts' assertion. After hearing from the parties on the issue, it became apparent to the Court that it could not resolve Sonalysts' summary judgment motion without also "considering the testimony of Ms. Phillips about what transpired during the pivotal conversations with Ms. DeTora." Order

[doc. #66], at 4.

However, since the parties agreed that the District's ethical rules, in particular Local Rule

83.13, prevented Ms. Phillips from serving both as a witness in the case and as trial counsel, the

Court allowed Ms. Bruno additional time to obtain substitute counsel.  *See id.*  Ms. Bruno did so,

Sonalysts' renewed its motion for summary judgment after taking Ms. Phillips' deposition, and

the Court recently ruled on Sonalysts' renewed summary judgment motion, granting summary

judgment on all but Ms. Bruno's FMLA retaliation claim.  *See* Mem. of Decision [doc. #77].  In

its ruling, the Court stated that at trial, it would allow Mr. Toriello to testify as to his belief that

Ms. Bruno had no intention of returning to Sonalysts.  Also, noting that Sonalysts had

represented that it did not seek to introduce evidence of the actual conversation between Ms.

DeTora and Ms. Phillips, but only evidence regarding Mr. Toriello's belief that Ms. Bruno had

resigned, the Court also the Court stated that  it would "admit evidence of the actual conversation

between Ms. DeTora and Ms. Phillips only to the extent that Ms. Bruno wishes to do so to rebut

Mr. Toriello's explanation of his actions."  *Id.* at 20.

In the present motion, Ms. Bruno asks the Court to bar Ms. DeTora from testifying in the

upcoming trial in this case, or in the alternative to disqualify her law firm, Robinson & Cole, as

Sonalysts' trial counsel because of the potential conflict of interest that would result and the

ethical restriction that required Ms. Phillips to resign her representation of Ms. Bruno.  In

response to Ms. Bruno's motion in limine, Sonalysts has notified the Court of its intention to file

a motion in limine to preclude Ms. Phillips from testifying on the grounds that her testimony is

irrelevant to the remaining issues in the case.  *See* Def.'s Opp'n to Mot. in Limine [doc. #90] at 3

n.1.

-2-

The Court has already determined that Ms. Phillips' testimony regarding her statements to Ms. DeTora is relevant to Ms. Bruno's remaining claim, and therefore, the Court will permit Ms. Phillips to testify regarding her conversations with Ms. DeTora.  In the event that Ms. Phillips does testify, the Court agrees with Sonalysts that it should be permitted to call Ms. DeTora as a rebuttal witness.  The Court did not intend to imply otherwise in its summary judgment ruling. The Court's statement that "actual evidence of the conversations between Ms. DeTora and Ms. Phillips" would only be admitted "to the extent that Ms. Bruno wishes to do so" was simply intended to clarify that this evidence would come in only if Ms. Bruno chose to call Ms. Phillips to testify in order to rebut Sonalysts' defense.  Therefore, Ms. Bruno will be free, though not required, to call Ms. Phillips to testify about what she told Ms. DeTora about Ms. Bruno's intentions and Sonalysts will be free, though not required, to call Ms. DeTora to rebut Ms. Phillips' testimony.

The Court also agrees with Ms. Bruno that if Sonalysts intends to call Ms. DeTora to testify as a witness, her law firm, Robinson & Cole, must be disqualified as trial counsel.  The "ethical standards governing participation as counsel in a case where either the attorney or another attorney in his or her firm may be a witness for both civil and criminal cases are set forth in Local Civil Rule 83.13."  D. Conn. L. Civ. R. 83.2(a).  Local Rule 83.13(b) in turn states that "If, after undertaking employment in contemplated or pending litigation, a lawyer learns . . . that he or she or a lawyer in the same firm ought to be called as a witness on behalf of the client, he or she shall withdraw from the conduct of the trial and the law firm shall not continue representation in the trial."  The rules allow the Court to make an exception where: (1) "disqualification would work a substantial hardship on the client"; and (2) "permitting the lawyer

to act as an advocate would not cause prejudice to the opposing parties." D. Conn. L. Civ. R. 83.13 (c).

Ms. DeTora's testimony, if offered, would bear directly on Sonalysts' defense to the only remaining claim in this case. As the Court concluded when faced with this identical issue regarding Ms. Phillips,[1] the Court finds that the potential conflict and prejudice presented by this situation is sufficient to require Robinson & Cole to withdraw. While disqualification of Robinson & Cole as trial counsel will undoubtedly work a hardship on Sonalysts, it is no more severe than the hardship already imposed on Ms. Bruno by the disqualification of her counsel Ms. Phillips. If Sonalysts decides that it is likely to call Ms. DeTora and the company requires additional time to allow new trial counsel to prepare for trial, Sonalysts should file a motion with the Court seeking to modify the trial schedule.

This result may well suggest that the Court should not have begun down this path in the first place. *See Pierce v. F.R. Tripler & Co., Inc.*, 955 F.2d 820, 828 (2d Cir. 1992); Mem. Of Decision [doc. # 77] at 18. However, that is not a reason at this point to treat Ms. Bruno and her counsel any differently from Sonalysts and its counsel.

Accordingly, the Court GRANTS IN PART and DENIES IN PART Plaintiff's Motion in Limine to Preclude the Testimony of Alice DeTora [**doc. #79**]. Ms. Phillips will be permitted to testify regarding her conversations with Ms. DeTora. Ms. DeTora may also testify, but only if Sonalysts obtains replacement trial counsel. Conversely, if Sonalysts does not intend to call Ms.

---

[1] The Court notes that Ms. DeTora, unlike Ms. Phillips, is not herself Sonalysts' trial counsel. Nevertheless, this district's local attorney-witness rules clearly impute her conflict to her law firm. *See* D. Conn. L. Civ. R. 83.13. The Court also notes that prior to Ms. Bruno's motion in limine, neither party had ever informed the Court that Ms. DeTora is affiliated with Robinson & Cole.

-4-

DeTora as a rebuttal witness, then Robinson & Cole may continue to represent Sonalysts.


IT IS SO ORDERED.


/s/ _____Mark R. Kravitz_____
United States District Judge


**Dated at: New Haven, Connecticut on <u>February 18, 2005</u>.**